

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## - BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

MAR 1 8 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JAIME ALEXANDER SORTO GALEA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-015 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jaime Alexander Sorto Galea ("Galea") filed an Application for Writ of Habeas Corpus (Docket No. 1) on January 28, 1999. On the same day he filed an Amended Application for Writ of Habeas Corpus (Docket No. 2). He never requested service of process. On February 25, 1999, the Immigration & Naturalization Service ("INS") filed a Notice of Intent to Remove Petitioner from the United States (Docket No. 4).

Despite the fact that the Amended Application for Writ of Habeas Corpus appeared on its face not to raise issues which would entitle Galea to relief and despite the fact that Galea had not obtained service on the INS, this court on February 26, 1999, entered an Order Setting a Hearing (Docket No. 4) and ordering the INS not to remove Galea.

At the hearing held on March 1, 1999, INS filed it response to the application (Docket No. 5).

## BASIS OF THE APPLICATION

Galea is an Honduran who was removed on August 30, 1998. He re-entered the United States illegally on December 11, 1998. On January 9, 1999, he requested a bond. The INS argued that the Immigration Judge had no jurisdiction to set a bond, but a bond was set. INS

ClibPDF - www.fastio.com

refused to release Galea on bond.   This refusal is the basis for the Application for Writ of Habeas Corpus.

## RECOMMENDATION

This application should be denied and the case dismissed. 8 U.S.C. § 1252(g) passed in 1996 states that there is no jurisdiction to review a "...claim... arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this Act."

The Supreme Court in *Reno v. American-Arab Anti-Discrimination Committee,* ----US----, 119 S.Ct. 936, 945 (1999) stated "It is entirely understandable, however, why Congress would want only the discretion- protecting provision of 1252(g) applied even to pending cases: because that provision is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings."

Galea is not a "pending case", but the principle is the same.   There is no judicial review for removal orders.

Galea presents no grounds for habeas relief.

IT IS THEREFORE **RECOMMENDED** that Jaime Alexander Sorto Galea's Application for Writ of Habeas Corpus be **DENIED** and that this case be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

2

to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of March, 1999.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com